ALVAREZ, PLAINTIFF AND APPELLANT, *v.* SUCCESSORS OF C. & J. FANTAUZZI, DEFENDANTS AND APPELLEES.

Appeal from the District Court of Guayama in an Action for the Abatement of Nuisances.

No. 2049.—Decided June 13, 1919.

APPEAL—NOTICE OF APPEAL—DOCUMENTS SENT BY MAIL.—The notice of appeal in this case was received and filed by the clerk of the lower court after the expiration of the ten days allowed the appellant for taking his appeal. Section 322 of the Code of Civil Procedure is not applicable to documents or pleadings of the parties sent to the clerk's office of a court to be filed therein, and such documents are effective only from the time they are received by the clerk and filed, whether the delivery be made by mail or personally; therefore the act of mailing them is not equivalent to their being filed in the clerk's office, nor can the effect of the filing be antedated to the date of the mailing. Hence the appeal will be dismissed when the notice of appeal is filed after the expiration of the legal period.

The facts are stated in the opinion.
*Mr. F. Cervoni Gely* for the appellant.

*Mr. José C. Ramos* for the appellees.

MR. JUSTICE ALDREY delivered the opinion of the court.

The plaintiff in this case appealed from an order of the District Court of Guayama of April 29, 1919, denying his petition for a temporary injunction *pendente lite.*

On the same day the clerk made an entry in the record showing that he had given notice of that decision to counsel for the parties, and on Sunday May 11, 1919, he received the notice of appeal of the plaintiff and filed it on the following day.

The appellee filed a motion in this court for dismissal of the appeal because it had been taken after the ten days allowed therefor in cases of this kind by subdivision 3 of section 295 of the Code of Civil Procedure, and the appellant opposed that motion, alleging that as his attorney resides in Humacao he received the notice on April 30; that on the 10th he mailed his notice of appeal to the clerk of the District Court of Guayama and that although it was not filed in the record until May 12th for the reason that the clerk received it on a Sunday, his appeal was taken in time because, there being a distance of 36 miles, more or less, between Humacao and Guayama, he had twelve days instead of ten within which to file his appeal, according to section 322 of the Code of Civil Procedure which provides that in case of service of papers, notices and appearances by mail, the service is complete at the time of the deposit in the postoffice, but if within a given number of days after such service a right may be exercised, or an act is to be done by the adverse party, the time within which such right may be exercised, or act be done, is extended one day for each twenty-five miles distance between the place of deposit and the place of address, such extension not to exceed thirty days.

The question raised by the appellant with respect to said section 322 was disposed of by this court in the case of *Oronoz v. Montalvo,* 20 P. R. R. 254, in which we held that that section is not applicable to process or pleadings of the

parties sent to the clerk of a court for filing purposes and the filing of such documents only takes effect from the moment when they are received by the clerk, by mail or personally; but when the clerk receives such documents by mail, the fact that they have been so deposited in the mail is not equivalent to their being filed in the court, nor does their effect date back, for the purpose of filing, to the time when they were so deposited. The decision in the case of *McDonald* v. *Lee,* 132 Cal. 253, is to the same effect.

As the notice of appeal in this case was received by the clerk and filed after the ten days allowed the plaintiff for taking his appeal, it must be

*Dismissed.*

Chief Justice Hernández and Justices Wolf, del Toro and Hutchison concurred.